Feby. 19th, 1906.

————o————

No. 3820.

Court of Appeal, Parish of Orleans.

## LAUREL JACKSON vs. THOMAS TALYOR.

In an action for the recission of a sale for the non-payment of the purchase price where plaintiff is non-suited for making the broad averment that the purchase price was not paid, when in fact a portion of the price had been paid;

Held: That plaintiff is not estopped from again proceeding on the same cause of action, and supplying in his second petition, the averment of partial payment and tender of same to defendant, for the reason that both petitions are substantially the same, the gist of both being that the purchase price had not been paid, a partial payment made, not being the purchase price stipulated in the act.

Appeal from Civil District Court, Division "A."

W. J. Waguespack, for Plaintiff and Appellee.

E. A. O'Sullivan, for Defendant and Appellant.

ESTOPINAL, J. This is a suit by plaintiff to rescind the sale of a certain lot of ground for non-payment of the purchase price. Plaintiff avers that the sale of his property to defendant, though shown by the act of sale to be for and in consideration of the sum of Three Hundred and Fifty Dollars ($350.00) cash, the price was, in truth and in fact, Five Hundred and Fifty Dollars ($550.00), of which Four Hundred Dollars ($400.00) was to be paid in cash, and the balance within one year.

Plaintiff alleges fraud and deception that his signature to the act was secured by fraudulent and false representation. That

176.

instead of the purchase price, Three Hundred and Fifty Dollars ($350.00), defendant paid him One Hundred and Twenty Dollars ($120.00) on the day the act was signed, promising to pay the balance within three days. That he has made a tender of the One Hunderd and Twenty Dollars ($120.00), with interest and taxes which defendant has paid.

Defendant interposes the exceptions:

First. Of res adjudicata.

Second. Plea of estoppel.

Third. No cause of action.

In determining the issues here we need not consider matters outside of the recitals of the act of sale, such as the agreement to have the price fixed at one figure in that document, but agreed, de hors the act, to be another.

We do not hesitate to say that had the price stipulated in the act, to-wit: Three Hundred and Fifty Dolalrs ($350.00), been paid by the defendant, plaintiff would be unable to sustain his action for the recission of the sale on the ground that the price fixed in the act was not, in truth and in fact, the price agreed upon. But we are satisfied that the purchase price was not paid.

The pleas of res adjudicata and estoppel urged by defendant are without merit, and were properly overruled by our brother of the District Court.

The judgment of non-suit rendered in a prior suit, cannot be held to bar another proceeding, in this case.

The plea of estoppel we deem to be without merit for the reason; that even though in the first suit, plaintiff omitted to aver the payment to him by defendant of One Hundred and Twenty Dollars ($120.00), but does so in the second petition, the allegations in the two petitions may be said to be substantially the same, since they both allege failure on the part of defendant to pay the purchase price. One Hundred and Twenty Dollars ($120) was not the *purchase price.*

The proper allegations having been made in the petition, it is competent to admit evidence to show fraud or deception, and in that case the plea of no cause of action on the hypothesis that the act cannot be attacked or varied by parole, must fall.

We have gone over the testimony carefully, and though we discover some conflicts and discrepancies, due perhaps to the ignorance of the litigants, from our appreciation of it, we are of the opinion that the conclusion reached by the District Judge, who saw and heard the witnesses, are correct.

Judgment affirmed.

February 19th, 1906.

Rehearing refused April 2, 1906.

Writ refused by Supreme Court, May 10, 1906.